UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| THE UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. |
| ) | |
| 2016 LAMBORGHINI AVENTADOR, ) | |
| VIN: ZHWUR1ZDXGLA04692; and ) | |
| ) | |
| MISCELLANEOUS JEWELRY; ) | |
| ) | |
| Defendants. ) | |

## VERIFIED COMPLAINT FOR FORFEITURE

COMES NOW, Plaintiff the United States of America, by and through its attorneys, Jeffrey B. Jensen, United States Attorney for the Eastern District of Missouri, and Stephen Casey, Assistant United States Attorneys for said district, and for its Verified Complaint for Forfeiture states as follows:

### NATURE OF THE ACTION

1.  This is a civil action in rem brought by the United States seeking forfeiture of all right, title, and interest in the above-captioned defendant currency pursuant to Title 21, United States Code, Section 881(a)(4) and 881(a)(6), and Title 18, United States Code, Section 981(a)(1)(A).

2.  The defendant property is described more fully as:

    A.  2016 Lamborghini Aventador, VIN: ZHWUR1ZDXGLA04692; and

    B.  Miscellaneous jewerly more particularly described as:

1

i. 14kt yellow gold diamond link style necklace, 43.18 total kts in diamonds;
ii. 14kt rose gold chain, 14.7mm wide, total weight 15 ounces;
iii. 10kt tri-color figarope style chain;
iv. 14kt rose gold continuous diamond necklace w/63.6 kts of diamonds;
v. 14kt white gold continuous diamond necklace w/60.5 kts of diamonds;
vi. 18kt yellow gold Audemars Piguet Royal Oak Offshore chronograph watch w/40kt of diamonds;
vii. 14kt yellow gold diamond tennis 6" bracelet w/30-40kt diamonds;
viii. 18kt yellow gold Rolex Sky Dweller watch;
ix. 18kt white gold Rolex Sky Dweller watch w/40.5kt of diamonds;
x. 18kt rose gold and steel Patek-Phillipe Nautilus Collection watch w/30kts of diamonds;
xi. 18kt yellow gold diamond ring w/3.15 diamond center and a total of 12.71 kts of diamonds;
xii. 14kt rose gold diamond ring w/a total weight of 14.7 grams;
xiii. 14kt yellow gold diamond eternity ring w/6.58kts of diamonds;
xiv. 18kt yellow gold "crown" style round medallion bezel necklace w/.84kts in diamonds;
xv. 14kt yellow gold diamond necklace w/diamonds set from smallest to biggest. 131 diamonds;
xvi. 14kt yellow gold diamond tennis bracelet 7" long and 6.5mm wide. 18kts of diamonds; and
xvii. 14kt rose gold diamond tennis bracelet 7" long and 6.5" wide. 15.84kts of diamonds.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1345, 1355, and 1395.

4. Venue is proper pursuant to 28 U.S.C. § 1355(b)(1)(A) because the acts and omissions giving rise to forfeiture took place in the Eastern District of Missouri. Venue is also proper pursuant to 28 U.S.C. § 1395(b) because the defendant property was seized in the Eastern District of Missouri.

2

## STATUTORY FRAMEWORK

5. Title 21, United States Code, Section 881(a)(4) authorizes the civil forfeiture of "all conveyances, including aircraft, vehicles, or vessels, which are used, or are intended for use, to transport, or in any manner to facilitate the transportation, sale, receipt, possession, or concealment of [a controlled substance]."

6. Title 21, United States Code, Section 881(a)(6) authorizes the civil forfeiture of "all moneys, negotiable instruments, securities, or other things of value furnished or intended to be furnished by any person in exchange for a controlled substance or listed chemical in violation of this subchapter, all proceeds traceable to such an exchange, and all moneys, negotiable instruments, and securities used or intended to be used to facilitate any violation of this subchapter."

7. Title 18, United States Code, Section 1956(a)(1)(B) criminalizes conducting a transaction, including transfer, delivery, or other disposition, knowing that such transaction represents the proceeds of some form of unlawful activity and that in fact involves the proceeds of a specific unlawful activity, including violations of the Controlled Substances Act, knowing that the transaction is designed in whole or in part to conceal or disguise the nature, location, source, ownership, or control of the proceeds of specified unlawful activity.

8. Pursuant to Title 18, United States Code, Section 981(a)(1)(A), any property, real or personal, involved in a transaction or attempted transaction in violation of Section 1956 of Title 18, or any property traceable to such property, is subject to civil forfeiture.

## FACTS GIVING RISE TO FORFEITURE

9. Based on the previous investigation, investigators obtained court-authorization to

3

monitor three telephones utilized by Kevin Boles (hereafter "Boles"). During the court-authorized monitoring of these telephones, investigators learned that Boles purchased bulk marijuana from unknown sources of supply located Northern California and Los Angeles, California as well as sources located in the Las Vegas, Nevada area.

10. The intercepts further revealed that Boles coordinated the sale and transportation of marijuana and bulk drug proceeds to cities located throughout the United States from Las Vegas, Nevada, to include St. Louis, Missouri. To date, investigators have identified at least 14 couriers that Boles hired to transport marijuana from Las Vegas, Nevada to destination cities including Rita Aramyan (hereafter "Aramyan").

11. The intercepts revealed that Boles launders millions of dollars of drug proceeds in a variety of ways. Boles has utilized straw purchasers to obtain several properties, high end vehicles, and businesses – which are bought with drug proceeds – in an attempt to conceal his ownership of these assets in an attempt to thwart law enforcement detection.

12. On September 20, 2017, investigators seized $50,000 from Arayman's luggage as she attempted to board a plan from St. Louis, Missouri to Las Vegas, Nevada. The flight was arranged by Boles.

13. Intercepts and surveillance revealed that Aramyan utilizes her residence located in Las Vegas, Nevada, as a "stash house" to conceal the Boles DTO's narcotic ledgers, financial information, cash and assets.

14. On May 15, 2018, investigators obtained a federal search warrant for Aramyan's residence which is utilized by the DTO to facilitate drug trafficking activites. During the execution of the search, investigators seized approximately $151,000 U.S. currency, miscellaneous

jewelry, a loaded .45 caliber Springfield Arms pistol, approximately two pounds of marijuana, a 2016 Lamborghini Aventador, a 9mm Glock pistol, two electronic money counters, two heat sealing machines, two electronic scales, a laptop, and miscellaneous high end clothing, shoes and purses.

15. Boles utilized the assistance of another to recruit a third-party co-conspirator, Eli Abraham (hereafter "Abraham"), to conduct a "straw purchase" of the Lamborghini Aventador for Boles. Throughout the duration of the court-authorized interception of a cellular telephone number utilized by Boles, investigators intercepted Boles outline the process of the "straw purchase" of the Lamborghini Aventador.

16. Additionally, investigators intercepted conversations between Boles and co-conspirators detailing bulk-cash payments which Boles provided for fees associated with the "straw purchase" of the Lamborghini Aventador.

17. For example, in one such intercept, a conspirator informed Boles that the loan for the Lamborghini Aventador had been approved, and that Abraham would be going through with the "straw purchase" of the aforementioned vehicle. Upon informing Boles of the approval of the aforementioned loan, the conspirator additionally informed Boles that Boles will be required to provide a $250,000 down payment. After informing Boles of the required down payment, the conspirator conducts a three-way telephone call with Abraham so that Abraham can further explain the process to Boles. Abraham informs Boles that the $250,000 down payment will not require the conspirator to provide any form of tax or financial related information to finalize the purchase of the Lamborghini Aventador, which would allow Abraham and Boles to avoid any questions as to Abraham's annual income, as well as Abraham's ability to purchase numerous high-end

5

vehicles, and conceal the true identity of the purchaser of the Lamborghini Aventador. Abraham informed Boles that Abraham will be traveling to the dealership to obtain the Lamborghini Aventador the next day. Abraham also informed Boles on the call that currency to purchase the Lamborghini Aventador needed to be deposited into Abraham's accounts prior to Abraham traveling to the dealership. Records revealed the deposit into Abraham's account was made as directed.

18. The Lamborghini Aventador retails for approximately $423,000. A cash down payment of $250,000 was deposited into Abraham's account prior to Abraham picking the defendant vehicle up from the dealership. An additional $73,000 was provided to Abraham for the purpose of paying off the retail price of the subject vehicle. The remaining $100,000 balance of the loan will be paid off in payments of $10,000 a month to Abraham. Abraham was provided approximately $50,000 for conducting the "straw purchase" of the defendant vehicle.

19. Boles lacks legitimate income to purchase the Lamborghini Aventador.

## COUNT ONE – FORFEITURE
## 21 U.S.C. § 881(a)(4)

20. The United States incorporates by reference the allegations set forth in Paragraphs 1 to 19 above as if fully set forth herein.

21. The defendant property is subject to forfeiture pursuant to 21 U.S.C. § 881(a)(4) as moneys furnished or intended to be furnished in exchange for a controlled substance, or as proceeds traceable to such exchange, and as money used or intended to be used to facilitate any violation of the Controlled Substances Act.

## COUNT TWO – FORFEITURE
## 21 U.S.C. § 881(a)(6)

22. The United States incorporates by reference the allegations set forth in Paragraphs 1 to 19 above as if fully set forth herein.

23. The defendant property is subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6) as conveyances furnished or intended to be furnished in exchange for a controlled substance, as proceeds traceable to such an exchange, and as money to be used to facilitate a violation of the Controlled Substances Act.

## COUNT THREE – FORFEITURE
## 18 U.S.C. § 981(a)(1)(A)

24. The United States incorporates by reference the allegations set forth in Paragraphs 1 to 19 above as if fully set forth herein.

25. Based on the foregoing, the defendant property is subject to forfeiture, pursuant to Title 18, United Stated Code, Section 981(a)(1)(A) as property involved in a transaction or attempted transaction in violation of Title 18, United States Code, Section 1956, or as property traceable to such property.

### PRAYER FOR RELIEF

WHEREFORE, the United States of America prays that a Warrant for Arrest be issued for the defendant property and the defendant property be condemned and forfeited to the United States of America, in accordance with the provisions of law; and that the United States of America be awarded its costs in this action, and have such other relief as provided by law and the nature of the case may require.

Dated: August 31, 2018               Respectfully submitted,

                                             JEFFREY B. JENSEN
                                             United States Attorney

                                             */s/ Stephen Casey*
                                             STEPHEN CASEY, #58879MO
                                             Assistant United States Attorneys
                                             111 South 10th Street, Suite 20.333
                                             Saint Louis, Missouri 63102
                                             Telephone:   (314) 539-2200

Case: 4:18-cv-01467-JAR   Doc. #: 1   Filed: 08/31/18   Page: 9 of 9 PageID #: 9

## **VERIFICATION**

I, Nathan T. Hart, hereby verify and declare under penalty of perjury that I am a Special Agent with the Drug Enforcement Administration, that I have read the foregoing Verified Complaint and know the contents thereof, and that the matters contained in the Verified Complaint are true to my own knowledge and belief.

The sources of my knowledge and information and the grounds of my belief are the official files and records of the United States, information supplied to me by other law enforcement officers, as well as my investigation of this case, together with others, as a Special Agent with the Drug Enforcement Administration.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on: __8-30-18__
                             (date)

_____
Nathan T. Hart
Special Agent
Drug Enforcement Administration

%JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

**DEFENDANTS**

**(b)** County of Residence of First Listed Plaintiff _____
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant _____
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1  U.S. Government Plaintiff
- ☐ 2  U.S. Government Defendant
- ☐ 3  Federal Question (U.S. Government Not a Party)
- ☐ 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 |  | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | **PERSONAL PROPERTY** | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 370 Other Fraud | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 371 Truth in Lending | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal Property Damage | ☐ 690 Other |  | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 385 Property Damage Product Liability | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury |  | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability |  |  | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise |  |  | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General |  | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty |  | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other |  |  | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights |  |  | ☐ 950 Constitutionality of State Statutes |
|  | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition |  |  |  |

## V. ORIGIN (Place an "X" in One Box Only)

- ☐ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (**Do not cite jurisdictional statutes unless diversity**):

Brief description of cause:

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION** UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☐ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY

(See instructions):

JUDGE _____   DOCKET NUMBER _____

DATE _____   SIGNATURE OF ATTORNEY OF RECORD _____

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.**     **(a) Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

    (b) County of Residence. For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

    (c) Attorneys. Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.**     **Jurisdiction**. The basis of jurisdiction is set forth under Rule 8(a), F.R.C.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.

United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; federal question actions take precedence over diversity cases.)

**III.**     **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.**     **Nature of Suit**. Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

**V.**     **Origin**. Place an "X" in one of the seven boxes.

Original Proceedings. (1) Cases which originate in the United States district courts.

Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.

Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.

Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment. (7) Check this box for an appeal from a magistrate judge's decision.

**VI.**     **Cause of Action**. Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity**.          Example:          U.S. Civil Statute: 47 USC 553
                                              Brief Description: Unauthorized reception of cable service

**VII.**     **Requested in Complaint**. Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand. In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.**     **Related Cases**. This section of the JS 44 is used to reference related pending cases if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature**. Date and sign the civil cover sheet.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI

|                     |   |          |
|---------------------|---|----------|
|      , plaintiff, | ) ) ) | |
| v.                  | ) | Case No. |
|                     | ) | |
|      , defendant. | ) ) | |

# ORIGINAL FILING FORM

**THIS FORM MUST BE COMPLETED AND VERIFIED BY THE FILING PARTY WHEN INITIATING A NEW CASE.**

THIS CAUSE, OR A SUBSTANTIALLY EQUIVALENT COMPLAINT, WAS PREVIOUSLY FILED IN THIS COURT AS CASE NUMBER_____

AND ASSIGNED TO THE HONORABLE JUDGE_____.

NEITHER THIS CAUSE, NOR A SUBSTANTIALLY EQUIVALENT COMPLAINT, PREVIOUSLY HAS BEEN FILED IN THIS COURT, AND THEREFORE MAY BE OPENED AS AN ORIGINAL PROCEEDING.

**The undersigned affirms that the information provided above is true and correct.**

Date:_____

_____
Signature of Filing Party

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. ) |
| 2016 LAMBORGHINI AVENTADOR, VIN: ZHWUR1ZDXGLA04692, | ) ) ) ) |
| Defendant. | ) |

## WARRANT FOR ARREST OF PROPERTY

TO: THE UNITED STATES MARSHAL AND/OR ANY OTHER DULY AUTHORIZED LAW ENFORCEMENT OFFICER FOR THE EASTERN DISTRICT OF MISSOURI

Whereas, on August 31, 2018, the United States of America filed a Verified Complaint for Civil Forfeiture in the United States District Court for the Eastern District of Missouri, against the above-named defendant property, alleging that said property is subject to seizure and civil forfeiture to the United States for the reasons mentioned in the complaint; and

WHEREAS, the defendant property is currently in the possession, custody, or control of the United States; and

WHEREAS, in these circumstances, Supplemental Rule G(3)(b)(i) directs the Clerk of the Court to issue an arrest warrant in rem for the arrest of the defendant property; and

WHEREAS, Supplemental Rule G(3)(c) provides that the warrant of arrest in rem must be delivered to a person or organization authorized to execute it;

NOW THEREFORE, you are hereby commanded to arrest the above-named defendant property by serving a copy of this warrant on the custodian in whose possession, custody, or

control the property is presently found, and to use whatever means may be appropriate to protect and maintain it in your custody until further order of this Court,

YOU ARE FURTHER COMMANDED, promptly after execution of this process, to file the same in this Court with your return thereon, identifying the individuals upon whom copies were served and the manner employed.

                                                            GREGORY J. LINHARES, CLERK
                                                            United States District Court

By: _____
     Deputy Clerk

Date: _____

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. |
| | ) |
| MISCELLANEOUS JEWELRY, | ) |
| | ) |
| Defendant. | ) |

## WARRANT FOR ARREST OF PROPERTY

TO: THE UNITED STATES MARSHAL AND/OR ANY OTHER DULY AUTHORIZED LAW ENFORCEMENT OFFICER FOR THE EASTERN DISTRICT OF MISSOURI

Whereas, on August 31, 2018, the United States of America filed a Verified Complaint for Civil Forfeiture in the United States District Court for the Eastern District of Missouri, against the above-named defendant property, alleging that said property is subject to seizure and civil forfeiture to the United States for the reasons mentioned in the complaint; and

WHEREAS, the defendant property is currently in the possession, custody, or control of the United States; and

WHEREAS, in these circumstances, Supplemental Rule G(3)(b)(i) directs the Clerk of the Court to issue an arrest warrant in rem for the arrest of the defendant property; and

WHEREAS, Supplemental Rule G(3)(c) provides that the warrant of arrest in rem must be delivered to a person or organization authorized to execute it;

NOW THEREFORE, you are hereby commanded to arrest the above-named defendant property by serving a copy of this warrant on the custodian in whose possession, custody, or

control the property is presently found, and to use whatever means may be appropriate to protect and maintain it in your custody until further order of this Court,

YOU ARE FURTHER COMMANDED, promptly after execution of this process, to file the same in this Court with your return thereon, identifying the individuals upon whom copies were served and the manner employed.

                              GREGORY J. LINHARES, CLERK
                              United States District Court

By: _____
      Deputy Clerk

Date: _____