UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:18CV01467 JAR |
| ) | |
| 2016 LAMBORGHINI AVENTADOR, ) | |
| VIN: ZHWUR1ZDXGLA04692; and ) | |
| ) | |
| MISCELLANEOUS JEWELRY; ) | |
| ) | |
| Defendants. ) | |

**CONSENT MOTION FOR INTERLOCUTORY SALE OF PROPERTY**

Plaintiff the United States of America, by and through its attorneys, Jeffrey B. Jensen, United States Attorney for the Eastern District of Missouri, and Stephen Casey, Assistant United States Attorney for said district, moves the Court to enter an Order authorizing the immediate interlocutory sale, pursuant to the terms set forth herein, of the 2016 Lamborghini Aventador, VIN: ZHWUR1ZDXGLA04692, (the "Subject Property"). In support of its Motion, the United States states as follows:

**Background**

1. The Subject Property was seized via seizure warrant as part of an ongoing criminal investigation.

2. The matter was referred to the United States Attorney's office for judicial forfeiture while the investigation of the criminal case is ongoing. On August 31, 2018, Plaintiff filed a Verified Complaint for Forfeiture regarding the Subject Property. (Doc. #1).

3. Eli Abraham filed a Motion for Return of Property (Doc. #9) and an Answer to Plaintiff's Verified Complaint (Doc. #14). Abraham's filings solely relate to the Subject Property

and his claim is entirely based on his status as the named borrower on a lien on the Subject Property held by Porsche Financial Services, Inc., d/b/a Lamborghini Financial Services ("LFS"). Abraham stated in his filings that, once the lien is satisfied, he has no further claim to the Subject Property.

4. On December 6, 2018, counsel for Claimant LFS entered his appearance. (Doc. #19). Prior to the initiation of the instant case, LFS contacted the DEA regarding its lien on the Subject Property in response to direct notice provided to LFS by the DEA. LFS forwarded to the DEA a copy of the lien documents verifying the lien on the Subject Property.

5. To date, no other claims have been made with respect to the Subject Property.

6. Plaintiff stipulates that LFS is an "innocent owner" pursuant to the definition set forth in Title 18, United States Code, Section 983(d). As such, Plaintiff and LFS have agreed that LFS' lien shall be paid from the sale proceeds of the Subject Property as set forth below.

7. Plaintiff and LFS desire to resolve this matter with respect to the Subject Property by conducting an interlocutory sale of the Subject Property. In order to effectuate the Sale of the Subject Property, which is a unique vehicle, the United States Marshals Service will release possession of the Subject Property to LFS. Upon sale, LFS will retain proceeds sufficient to satisfy their lien and other costs as set forth herein. Thereafter, LFS will return the balance of proceeds from the sale of the Subject Property to the United States via the United States Marshals Office to be held pending resolution of the case.

8. The United States has also discussed the instant motion and proposed order with counsel for Abraham. Abraham consents and intends to withdraw his claim once the interlocutory sale is made and the lien is satisfied.

**Authority for an Interlocutory Sale**

9. Pursuant to Rule 7(b) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions of the Federal Rules of Civil Procedure, this Court may order the interlocutory sale of property if the property is perishable or at risk of deterioration, decay, or injury by being detained in custody pending the action; the expense of keeping the property is excessive or is disproportionate to its fair market value; the property is subject to a mortgage or to taxes on which the owner is in default; or the Court finds other good cause. Courts often approve interlocutory sales of vehicles in civil forfeiture for those reasons. See also United States v. $1,133,648.97 Seized from Bank of Hawaii, 2008 WL 687337 (D.Haw. 2008) (approving the interlocutory sale of vehicles and non-liquid securities decreasing in value due to depreciation, deterioration and the costs of maintenance and storage; Rule G(7) does not require a showing of likelihood of success on the merits)

10. Here, an interlocutory sale of the Subject Property is necessary to maximize the value of the Subject Property, minimize expenses, avoid depreciation, and satisfy LFS' outstanding lien and which continues to accrue interest. See United States v. 2003 BMW X5 SUV, 2015 WL 845661 (D. Md. Feb. 24, 2015) (given the delays in litigating the forfeiture action, avoidance of storage costs and risks of depreciation constitute "good cause" for interlocutory sale of automobiles under Rule G(7)); United States v. One 2010 Dodge Ram, 2015 WL 685208 (D.Md. Feb. 18, 2015) (same).

11. The Subject Property is currently in the custody of the U.S. Marshals Service. The Marshals have incurred fees and expenses of more than $3,000 to seize, store, and maintain the Subject Property since its seizure – and those expenses will continue to grow while the Subject

Property depreciates. Further, according to LFS, no payments are being made on the lien, and interest continues to accrue monthly. See <u>United States v. Real Property ... 4816 Chaffey Lane</u>, 699 F.3d 956, 961-62 (6th Cir. 2012) (Rule G(7)(b)(i) authorizes interlocutory sale of yacht on which claimant has stopped paying mortgage).

12. This Court's authority to order an interlocutory sale is not conditioned on a third party claimant's consent to such order; indeed, the Court can order the sale over a third party's objections. <u>See</u> <u>United States v. 2540 Chadwick Way</u>, 2005 WL 2124539, *3 (N.D.Ill. 2005) (over objection of claimant, court ordered interlocutory sale of real property pursuant to section 983(j) to avoid mortgage foreclosure); <u>Aguilar v. United States</u>, 1999 WL 1067841, *5 (D.Conn. 1999) (interlocutory sale of real property to prevent vandalism and avoid mortgage payments justified by exigent circumstances despite claimant's lack of consent). Nonetheless, where a third party has asserted a valid interest in forfeited property, the United States will normally seek to reach settlement with such claimant wherein an interlocutory sale is contemplated.

### Conditions of the Interlocutory Sale

13. Within fifteen (15) business days of the entry of an order by this Court granting the interlocutory sale, the United States through the United States Marshals Service ("USMS") shall make the Subject Property available to be picked up by LFS. Payment for the storage costs of the Subject Property shall be paid via certified bank or cashier's check in the amount of (a) $3,167.55 if paid no later than January 4, 2019; or (b) for each day after January 4, 2019, the storage costs of the Subject Property are an additional $9.00 per day. Said check shall be made payable to "U.S. Marshal Service." Payment will be made at the time the vehicle is released to LFS. The Subject Property will not be released unless USMS receives payment for their storage

costs. To determine the precise arrangement for the release of the Subject Property, LFS shall coordinate with the USMS - Eastern District of Missouri or its designate.

14. The USMS and its duly appointed and authorized contractors shall notify LFS when the Subject Property is ready to be retrieved, and LFS shall arrange for its pick up and release.

15. Upon LFS picking up the Subject Property and causing it to be taken into the possession of its designated sales agent, LFS will sell the Subject Property in an arms-length transaction for at least fair market value, and in a commercially acceptable and economically reasonable method.

16. Within ten (10) business days of the sale of the Subject Property, LFS shall forward the net proceeds of the sale, if any, to the USMS in the form of a certified bank check, payable to the "United States Marshals Service", with the civil action docket number and asset identification number (18-DEA-640543) on the face of the check.  LFS shall send the check to U.S. Marshals Service, Attn: Asset Forfeiture, 333 Las Vegas Blvd., Suite 2058, Las Vegas, NV 89101. The USMS shall deposit the check and substitute the net proceeds from said check for the Subject Property pending a disposition in this case. Within ten (10) business days of the sale of the Subject Property, LFS shall also forward to the USMS via Jeffrey Padayao, District Asset Forfeiture Coordinator, U.S. Marshals, District of Nevada a copy of all closing documents memorializing the sale of the Subject Property.

17. "Net Proceeds," as used herein, shall mean the gross proceeds of the sale of the Subject Property, less any amounts paid to satisfy LFS' lien, costs, and reasonable expenses incurred in connection with the sale, which includes the payment of the storage fees paid by LFS

to the United States Marshals Service.

18.     The parties agree that any dispute regarding the fees associated with the sale and their reasonableness will be exclusively heard and adjudicated by this Court.

19.     In the event that there are insufficient net proceeds to fully satisfy LFS' lien on the Subject Property, LFS will have no recourse against the Plaintiff for any remaining balance and agrees to release, remise and forever discharge the United States, and the Drug Enforcement Administration ("DEA"), the USMS, its agencies, agents, officers, and employees, past and present, from all claims or causes of action which LFS, and its agents, assigns, representatives, and/or successors ever had, now has, or hereafter may have against the United States, the DEA, and/or the USMS and its agencies, agents, officers, and employees, past and present, for or on account of the incidents or circumstances giving rise to the commencement of the above-captioned action, or the seizure and restraint of the Subject Property, including any claims or causes of action related to the condition of the Subject Property.

20.     Upon sale of the Subject Property, regardless as to whether the sale generated sufficient gross proceeds to satisfy its lien and costs associated with the sale, LFS shall withdraw its claim to the Subject Property in the instant case.

21.     The parties agree that each party shall bear its own costs and attorney's fees.

22.     A proposed order accompanies this Motion.

WHEREFORE the United States respectfully requests this Court order an interlocutory sale of the Subject Property in the manner set forth in this Motion, and for such other and further relief as this Court deems just and proper.

        Respectfully submitted,

        JEFFREY B. JENSEN
        United States Attorney

        */s/ Stephen Casey*
        STEPHEN CASEY, #58879MO
        Assistant United States Attorney
        111 South Tenth Street, 20th Floor
        St. Louis, Missouri 63102
        (314) 539-2200

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:18CV01467 JAR |
| | ) |
| 2016 LAMBORGHINI AVENTADOR, | ) |
| VIN: ZHWUR1ZDXGLA04692; and | ) |
| | ) |
| MISCELLANEOUS JEWELRY; | ) |
| | ) |
| Defendants. | ) |

**ORDER FOR INTERLOCUTORY SALE OF PROPERTY**

WHEREAS, the United States has moved this Court for an Order of Interlocutory Sale of Property, and for good cause shown,

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that:

1. The Consent Motion for Interlocutory Sale of Property is granted.

2. The defendant property, a 2016 Lamborghini Aventador, VIN: ZHWUR1ZDXGLA04692, will be sold pursuant to the terms set forth in the Consent Motion for Interlocutory Sale.

**IT IS SO ORDERED**.

_____
THE HONORABLE JOHN A. ROSS
UNITED STATES DISTRICT JUDGE